FILED
APR 1 8 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO FLORES-OLIVERA, <br> Petitioner, <br> v. <br> UNITED STATES OF AMERICA <br> Respondent. | Cr. No. 11-5033GT <br> Cv. No. 12-1174GT <br> **ORDER** |

On May 9, 2012, Petitioner, Luis Antonio Flores-Olivera ("Mr. Flores"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Flores requests a two level downward departure based on his status as a deportable alien, which Mr. Flores asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Flores brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Flores Motion to Modify Sentence is **DENIED**.

//

//

First, Mr. Flores pled guilty, pursuant to a written plea agreement, to one count of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Flores explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Flores expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Flores is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Flores had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Flores argues that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security confinement." Mr. Flores argues that the Court should grant him a two level downward departure because of his status. However, Mr. Flores argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances ... not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).

Specifically, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1] Accordingly,

//
//
//

---

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a deportable alien he is not eligible to spend the last six months of his sentence in a half way house pursuant to 18 U.S.C. § 3624(c). See United States v. Zepeda-Valles, 87 F.3d 1325 (9th Cir. 1996).

2

11CR5033

**IT IS ORDERED** that Mr. Flores" Motion to Modify Sentence is **DENIED**.

**IT IS SO ORDERED.**

4/18/13
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter     Petitioner